IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| WIAV SOLUTIONS LLC,<br>a Virginia Limited Liability Company<br><br>        Plaintiff,<br><br>        v.<br><br>RESEARCH IN MOTION, LTD.,<br>a Canadian company;<br><br>RESEARCH IN MOTION CORP.,<br>a Delaware company; and<br><br>APPLE INC.,<br>a California company;<br><br>        Defendants, and<br><br>MINDSPEED TECHNOLOGIES, INC.,<br>a Delaware company,<br><br>        Defendant Patent Owner. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 3:08-cv-627<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF WIAV SOLUTIONS LLC'S MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION FOR DISMISSAL WITHOUT PREJUDICE

### Introduction

Plaintiff WiAV Solutions LLC moves the Court, under Fed. R. Civ. P. 41(a)(2), for an order dismissing this matter without prejudice and granting WiAV leave to re-file its complaint for patent infringement against Research in Motion, Ltd. and Research in Motion Corporation (collectively "RIM").  After WiAV initiated this litigation, defendant Mindspeed Technologies, Inc. filed an answer questioning WiAV's right to enforce certain of the patents-in-suit.  Because WiAV held all necessary enforcement rights to each asserted patent when the complaint was filed in this action, WiAV filed a declaratory judgment and breach of contract suit against

80525636.2

Mindspeed in California (the appropriate forum pursuant to contract) to resolve the dispute and to secure Mindspeed's cooperation in this case as the owner of certain patents. The parties have now resolved that dispute, and Mindspeed acknowledges that WiAV has possessed exclusive rights to enforce the asserted patents owned by Mindspeed in the field of Wireless Handsets since September 25, 2007. Mindspeed has further agreed to join the lawsuit as a named plaintiff. Nevertheless, out of an abundance of caution, WiAV seeks to moot the issue of whether it had standing to enforce the Mindspeed-owned patents at the time the complaint was filed. Doing so will avert any conceivable scenario under which this Court's subject matter jurisdiction could be challenged after the parties and the Court invest substantial time and resources.

Meanwhile, WiAV also has settled its patent infringement claims against defendant Apple, Inc. Accordingly, WiAV respectfully seeks the Court's permission to dismiss this case without prejudice and to initiate a new lawsuit asserting the same patents against RIM and naming Mindspeed as a plaintiff patent owner. No harm will come to RIM from granting this motion; nor will it cause any meaningful delay.

**Factual Background**

WiAV is the exclusive licensee with rights of enforcement in the "Wireless Handsets"[1] field under eight United States patents, collectively referred to as the "Vocoder Patents."[2] WiAV

---

[1] "Wireless Handset" means a communication device that (a) is capable of wireless communication of real-time voice (and may also be capable of communicating non-voice digital information), and (b) communicates directly to a Wireless WAN Infrastructure Product. The term "Wireless Handset" also includes components of the communication device (including integrated circuit components). And "Wireless WAN Infrastructure Product" means all equipment normally sold to wireless wide area network service providers, including base stations, base station controllers, mobile switching center gateways, and current and further equivalents of base stations, base station controllers, and mobile switching center gateways.

[2] The "Vocoder Patents" are United States Patent No. 6,256,606; United States Patent No. 7,120,578; United States Patent No. 6,275,794; United States Patent No. 6,507,814; United

obtained its rights in the Vocoder Patents from Skyworks Solutions, Inc. on or about September 25, 2007.  Mindspeed is the lawful owner of the Vocoder Patents.  On July 30, 2008, WiAV filed a complaint in this district for patent infringement against RIM, Apple, and another now-dismissed defendant.[3]  That original complaint also named Mindspeed as a defendant patent owner.  WiAV alleged, among other things,[4] that RIM and Apple infringed and were continuing to infringe the Vocoder Patents.

Shortly after filing the first action, a dispute arose between WiAV and Mindspeed regarding WiAV's rights under the Vocoder Patents.  To resolve the dispute before proceeding with its patent infringement claims against RIM and Apple, WiAV filed a Rule 41(a)(1) notice of dismissal without prejudice and then promptly filed the present case, which is substantially the same as the first case.  WiAV did this to preserve its rights against Apple and RIM in its preferred local forum as a Virginia company, while giving WiAV and Mindspeed additional time to resolve their dispute.  WiAV also filed a complaint against Mindspeed in the U.S. District Court for the Central District of California in a case captioned *WiAV Solutions LLC v. Mindspeed Technologies, Inc.*, Case No. CV08-06366, alleging that Mindspeed was in breach of contract for refusing to cooperate in the present lawsuit, and seeking a declaratory judgment that WiAV held sufficient rights to enforce the Vocoder Patents in the Wireless Handsets field.  Mindspeed

---

States Patent No. 7,266,493; United States Patent No. 6,633,841; United States Patent No. 6,104,992; and United States Patent No. 6,385,573.
[3]     That case was captioned *WiAV Solutions, L.L.C. v. Research in Motion, Ltd. et al.*, C.A. No. 3:08-cv-485-REP (E.D. Va. July 30, 2008).
[4]     WiAV also alleges that RIM and Apple infringe two additional U.S. patents.  The jurisdictional question addressed in this motion does not apply to these two patents.

answered the complaint in this district on October 6, 2008. WiAV has not served RIM or Apple with the summons and complaint,[5] however, and neither has appeared in this matter.

WiAV and Mindspeed engaged in settlement negotiations and were able to resolve their dispute. Mindspeed acknowledges that WiAV holds the exclusive right to enforce the Vocoder Patents in the Wireless Handsets field, and that WiAV first obtained this right on or about September 25, 2007. Mindspeed does not oppose the present motion, and has agreed to be named as a plaintiff patent owner in the case. Apple likewise does not oppose this motion, having reached a settlement with WiAV. RIM advised WiAV that it opposes the motion.

Nevertheless, the instant case is not yet active in any practical sense. No party has filed responsive pleadings or motions, aside from Mindspeed's answer, and no discovery has occurred. In short, no one has invested substantial time and resources in litigating the case. To the extent RIM, the only entities still accused of patent infringement following the Apple settlement, would contend that they invested resources in their defense already, such investment would carry forward to the defense of the identical allegations WiAV will re-file immediately upon the granting of this motion. Therefore no prejudice whatsoever would accrue to RIM.

**Argument**

Federal Rule of Civil Procedure 41(a)(2) provides that a Court may dismiss an action at any time by order, upon such terms as the Court deems proper. Fed. R. Civ. P. 41(a)(2). A plaintiff's Rule 41(a)(2) motion for dismissal without prejudice should be freely granted unless dismissal would cause unfair prejudice to the defendant. *Davis v. USX Corp.*, 819 F.2d 1270, 1274-75 (4th Cir. 1987). A defendant may suffer unfair prejudice when the case is procedurally very advanced, *see S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986), or when

---

[5] WiAV asked RIM to waive service of the summons and complaint, and has begun the process of serving Research in Motion, Ltd. in Canada.

the plaintiff seeks dismissal to avoid an impending adverse decision on the merits, *see Piedmont Interstate Fair Ass'n v. Bean*, 209 F.2d 942, 947-48 (4th Cir. 1954). When a case is in its early stages, however, like this matter, the Court should freely grant a plaintiff's motion for dismissal without prejudice. *See Southern Ry. Co. v. Chapman*, 235 F.2d 43, 43 (4th Cir. 1956). The prospect of a new lawsuit does not constitute unfair prejudice even if the plaintiff might gain an advantage by bringing the new action. *Davis*, 819 F.2d at 1274-75.

This Court must consider four factors in determining whether dismissal without prejudice would cause unfair prejudice to a defendant: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Teck Gen. P'ship v. Crown Cent. Petroleum*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998) (citing *Gross v. Spies*, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. 1998)).

In the present case, all four factors favor granting WiAV's motion. As to the first and fourth factors, this case is still in its earliest stages. Apple, RIM, and Mindspeed have not expended any efforts nor incurred any expenses in preparing for trial, while Apple and Mindspeed do not contest this motion. Indeed, Apple and RIM have not even answered or appeared. No motions are on file, no scheduling order exists, and no discovery has commenced. Thus, dismissal of this case will not cause delay, impact pending dispositive motions, or result in unnecessary expense or wasted effort.

In addition, the second factor falls in WiAV's favor. WiAV acted with deliberate speed and exercised optimal diligence in moving this case forward. When WiAV first learned that Mindspeed questioned WiAV's right to enforce the Vocoder Patents in the Wireless Handsets

5

field, WiAV attempted to resolve the issue informally with Mindspeed. Shortly thereafter, WiAV filed the California lawsuit against Mindspeed and engaged in frequent discussions with Mindspeed, until all questions regarding WiAV's rights to the Vocoder Patents were resolved.

Furthermore, WiAV's explanation underlying its motion sufficiently justifies dismissing the case without prejudice for the purpose of re-filing, satisfying the third factor. Standing is a requirement of subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). A plaintiff's standing is determined at the time the initial complaint is filed. *See id.* at 571 n.4. Although WiAV believes—and Mindspeed acknowledges—that WiAV acquired the rights to enforce the Vocoder Patents in the Wireless Handset field over a year before this action was filed, an unforeseen question arose with respect to WiAV's license from Skyworks. Accordingly, to avert the possibility the case could proceed to trial and appeal on the merits, only to have it ultimately held that this Court lacked jurisdiction because of a purported lack of standing *at the time the complaint was filed*, WiAV wishes to moot this issue by dismissing the suit without prejudice and re-filing it. Because filing a Rule 41(a)(1) notice of dismissal is no longer a viable option for WiAV, having once already exercised that right, this motion is the appropriate vehicle. Additionally, dismissal and re-filing will allow WiAV to realign the parties to name Mindspeed as a plaintiff patent owner.

It is entirely proper for WiAV to dismiss and re-file in order to foreclose a standing defect argument. *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330 (Fed. Cir. 2007). In *Walter Kidde*, there was uncertainty regarding when Kidde had acquired rights to the patent-in-suit. *Id.* at 1334. To eliminate the argument that it lacked standing, Kidde obtained a document confirming its patent rights and then filed a Rule 41(a)(2)

motion for dismissal without prejudice. *Id.* at 1333-34. When the court granted the motion, Kidde immediately re-filed the same case in the same court. *Id.* The defendant appealed, and the Court of Appeals affirmed. Applying Fourth Circuit law, the Federal Circuit explained that, even though the case was procedurally advanced, indisputably far more so than this case, the district court correctly granted the motion because the dismissal and re-filing did not prejudice the defendant. *Id.* at 1338. The old and new actions were the same and therefore all of the defendant's litigation efforts would carry over to the new action, *id.* at 1337, as would be true for any investment to date by RIM in its defense.

As in *Walter Kidde*, this Court should grant WiAV's motion to dismiss and allow WiAV to re-file in order to foreclose any arguable standing defect. Indeed, the present case presents an even stronger case than *Walter Kidde* because it is still in its earliest stages, while the action in *Walter Kidde* was nearing trial. It follows that the third factor favors granting the motion.

Finally, although Rule 41(a)(2) gives the Court the power to impose conditions upon dismissal, such as ordering the plaintiff to pay a portion of defendants' costs, in the present matter such conditions are not appropriate. The purpose of requiring payment of the defendants' costs is to compensate for inconvenience and the resources unnecessarily expended in the dismissed action. *Davis*, 819 F.2d at 1276. In this case, neither Apple nor RIM has even appeared, and Apple has now settled. As already noted, any resources expended by RIM will carry over fully into the re-filed case, and imposition of costs on WiAV would instead merely result in an inappropriate windfall. Consequently, the Court should not impose costs as a condition of granting WiAV's motion and allowing WiAV to re-file its infringement complaint.[6]

## Conclusion

For the above reasons, WiAV respectfully asks the Court to grant this motion, dismiss the

---

[6] A copy of Plaintiffs' proposed Complaint is attached as Exhibit A.

complaint without prejudice, and permit WiAV to re-file promptly, to eliminate any risk that this Court's jurisdiction could later be challenged. The granting of this motion will not unfairly prejudice RIM, will allow for realignment of Mindspeed as a plaintiff, and will serve judicial efficiency and the ends of justice.

Dated this 12th day of January, 2009.

Respectfully submitted,

/s/ Maya M. Eckstein
Maya M. Eckstein (VSB # 41413)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
meckstein@hunton.com
(T) (804) 788-8788
(F) (804) 788-8218

Daniel S. Carlineo
**CARLINEO MARKUS LLP**
1101 Pennsylvania Avenue, N.W.
6th Floor
Washington, DC 20004
(T) (202) 756-2287
(F) (202) 745-7323

Gregory N. Stillman (VSB # 14308)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, Virginia 23510-3889
(T) (757) 640-5300
(F) (757) 625-7720

Brian M. Buroker (VSB # 39581)
Yisun Song (VSB # 45881)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Ronald James Schutz (admitted pro hoc vice)
Jacob Matthew Anthony Holdreith (admitted pro hoc vice)
David Paul Swenson (admitted pro hoc vice)
Sang Young Adam Brodie (admitted pro hoc vice)
Andrea Kloehn Naef (admitted pro hoc vice)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
(T) (612) 349-8500
(F) (612) 339-4181

*Attorneys for Plaintiff WiAV Solutions LLC*

## CERTIFICATE OF SERVICE

I certify that on January 12, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James L. Quarles, III (VSB# 44993)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(T)  (202) 663-6000
(F)  (202) 663-6363
*James.quarles@wilmerhale.com*

*Attorney for Defendants Research In Motion, LTD. and Research in Motion Corp.*

Stephen E. Noona
KAUFMAN & CANOLES, P.C.
150 West Main Street
Suite 2100
Norfolk, Virginia  23510
*senoona@kaufcan.com*
(T)  757-624-3000
(F)  757-624-3169

*Attorney for Defendant Mindspeed Technologies, Inc.*

I further certify that, on January 12, 2009, I served the foregoing via federal express to the following:

Greg Arovas
Kirkland & Ellis
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

*Attorney for Defendant Apple, Inc.*

                                                  /s/ Maya M. Eckstein
                                                  Maya M. Eckstein